UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUN 10  PM 2: 19

LORETTA G. WHYTE
CLERK

| | | |
|---|---|---|
| JOANN J. HUTCHERSON | * | NUMBER |
| VERSUS | * | DIVISION " " |
| PATRICK K. HUBBARD, C.A.R. TRANSPORT, INC. and GREAT WEST CASUALTY COMPANY | * * | 05-2215 SECT. K MAG. 4 |

\* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

TO:  THE JUDGES OF THE UNITES STATES DISTRICT COURT
     EASTERN DISTRICT OF LOUISIANA

**NOW INTO COURT,** through undersigned counsel, come C.A.R. Transport, Inc. and Great West Casualty Company, defendants, who show:

1.

On May 17, 2005, an action was commenced against Patrick K. Hubbard, C.A.R. Transport, Inc. and Great West Casualty Company in the Civil District Court for the Parish of Orleans, State of Louisiana entitled "*Joann J. Hutcherson v. Patrick K. Hubbard, C.A.R. Transport, Inc. and Great West Casualty Company*," No. 05-6695, Division "A-5." On or about May 19, 2005, service was accomplished on Great West Casualty Company and on or about May 31, 2005, Long Arm service was accomplished on C.A.R. Transport, Inc. Copies of all process and pleadings served are annexed hereto. Upon information and belief, no further proceedings have been had therein.

2.

The referenced action is one which this court has original jurisdiction under the provisions of 28 U.S.C. 1332, and is one which may be removed to this Court by a defendant pursuant to 28 U.S.C. 1441 in that this is a civil action wherein the matter in controversy exceeds the sum of

Fee $250.00
___ Process___
 X  Dktd___
___ CtRmDep___
___ Doc. No___

Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs, and is between citizens of different states.

3.

In her Petition for Damages, plaintiff alleges that she is a person of the full age of majority and a resident of the State of Louisiana. Plaintiff further alleges that C.A.R. Transport, Inc. is a foreign corporation domiciled in the State of Texas and that Great West Casualty Company is a foreign insurer domiciled in the State of Nebraska. This is correct as C.A.R. Transport, Inc. is a Texas corporation with its principal place of business in the State of Texas and Great West Casualty Company is a Nebraska corporation with its principal place of business in the State of Nebraska.

4.

In the Petition for Damages, plaintiff alleges that she was driving her vehicle on Interstate-10 when her vehicle was rear-ended by a tractor-trailer owned by C.A.R. Transport, Inc. and driven by Patrick K. Hubbard. In paragraph IX, plaintiff specifically alleges that she "sustained injuries consisting of herniated discs at the C4-5 and C5-6 levels, a torn rotator cuff and injuries to her head, neck, shoulders, arms, back and spine, in addition to injuries to her entire body."

5.

Plaintiff alleges in paragraph X that she "has incurred and will continue to incur numerous medical bills for the treatment of her injuries, including expenses for physicians and other related expenses." In paragraph XI, plaintiff alleges that she "sustained damages consisting of past, present and future pain and suffering; medical expenses to date and future medical expenses; mental anguish; loss of enjoyment of life; permanent disability; lost wages-past, present and future; loss of future earning capacity and all other damages to be proven at trial in this matter." Accordingly,

defendants submit that the amount in controversy reasonably exceeds Seventy-Five Thousand ($75,000.00) and no/100 Dollars.

6.

Undersigned counsel avers that contemporaneously with the filing hereof, notice has been given to all adverse parties whose identities are known, and have filed a copy of this Notice of Removal with the clerk of the state court.

WHEREFORE, C.A.R. Transport, Inc. and Great West Casualty Company pray that the above action now pending in the Civil District Court for the Parish of Orleans, State of Louisiana be removed therefrom to this Honorable Court.

Respectfully submitted,

_____
DEAN M. ARRUEBARRENA, (#24283)
STANTON E. SHULER, JR. (#19152)
LOUIS P. BONNAFFONS (#21488)
Leake & Andersson, L.L.P.
1100 Poydras Street, Suite 1700
New Orleans, LA 70163
Telephone: 504-585-7500
Facsimile:  504-585-7775
Attorneys for Defendants, C.A.R. Transport, Inc.
and Great West Casualty Company

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been delivered to all counsel of record, either by depositing a copy of same in the United States mail, first class postage prepaid, by hand delivery or by facsimile transmission, on June 9, 2005, at their last known address of record.

_____

F:\37723\USDC-NR

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOANN J. HUTCHERSON | * | NUMBER: |
| VERSUS | * | DIVISION " " |
| PATRICK K. HUBBARD, C.A.R. TRANSPORT, INC. and GREAT WEST CASUALTY COMPANY | * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### CERTIFICATE OF FILING

I hereby certify that I have received a copy of the action styled "*Joann J. Hutcherson versus Patrick K. Hubbard, C.A.R. Transport, Inc. and Great West Casualty Company*", No. 05-6695, Division "A", on the docket of the Civil District Court for the Parish of Orleans, State of Louisiana, and that a copy of the Notice of Removal has been filed in the office of the Clerk of Court, Civil District Court for the Parish of Orleans, State of Louisiana, in the action styled "*Joann J. Hutcherson versus Patrick K. Hubbard, C.A.R. Transport, Inc. and Great West Casualty Company*", No. 05-6695, Division "A", on the docket of said court.

In witness whereof, I hereunto set my hand and fix my seal this ___ day of _____, 2005.

_____
Clerk, United States District Court for the
Eastern District of Louisiana

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 05-6695                                                                                          DIVISION A-5

JOANN J. HUTCHERSON

VERSUS

PATRICK K. HUBBARD, C.A.R. TRANSPORT, INC.
and GREAT WEST CASUALTY COMPANY

FILED:_____             _____
                                           DEPUTY CLERK

**NOTICE OF REMOVAL**

TO:   Anthony J. Russo
      1515 Poydras Street, Suite 1400
      New Orleans, LA 70112

   PLEASE TAKE NOTICE that C.A.R. Transport, Inc. and Great West Casualty Company, defendants in the above-entitled action, have this date filed their Notice of Removal, a copy of which is attached hereto, in the office of the Clerk of the United States District Court for the Eastern District of Louisiana.

Respectfully submitted,

_____
DEAN M. ARRUEBARRENA, (#24283)
STANTON E. SHULER, JR. (#19152)
LOUIS P. BONNAFFONS (#21488)
Leake & Andersson, L.L.P.
1100 Poydras Street, Suite 1700
New Orleans, LA 70163
Telephone: 504-585-7500
Facsimile:  504-585-7775
Attorneys for Defendants, C.A.R. Transport, Inc.
and Great West Casualty Company

**CERTIFICATE OF SERVICE**

   I hereby certify that the foregoing pleading has been delivered to all counsel of record, either by depositing a copy of same in the United States mail, first class postage prepaid, by hand delivery or by facsimile transmission, on June 9, 2005, at their last known address of record.

_____

F:\37723\REMOVAL.NOT

886869
131

NO. 05-6695

CIVIL DISTRICT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

FILED
2005 MAY 17 P 2:48
DISTRICT COURT

RECEIVED
JUN 01 2005
MRO-15

CIVIL DIVISION: A-5

JOANN J. HUTCHERSON

-versus-

PATRICK K. HUBBARD,
C.A.R. TRANSPORT, INC. and
GREAT WEST CASUALTY COMPANY

FILED: _____     _____
                                                DEPUTY CLERK

### PETITION FOR DAMAGES

Plaintiff, JOANN J. HUTCHERSON, of age and domiciled in the Parish of Orleans, State of Louisiana, with respect represents that:

I.

The following parties be made defendants herein:

a. PATRICK K. HUBBARD, a non-resident, of age and domiciled in Houston, Texas;

b. C.A.R. TRANSPORT, INC., a foreign corporation, domiciled in the State of Texas, not authorized to do but doing business in the State of Louisiana; and

c. GREAT WEST CASUALTY COMPANY, a foreign insurer domiciled in the State of Nebraska, authorized to do and doing business in the State of Louisiana.

II.

On May 24, 2004 at approximately 5:00 p.m., plaintiff, JOANN J. HUTCHERSON, was operating a 2002 Chevrolet vehicle owned by Jackson Child Development Center, traveling in a westerly direction on Interstate 10 near milepost 229.4 when plaintiff, JOANN J. HUTCHERSON, began to slow her vehicle due to traffic congestion on the roadway, all in the Parish of Jefferson, State of Louisiana.

III.

Defendant, PATRICK K. HUBBARD, on that date, was operating a 2000 KW model 80,000 tractor trailer owned by C.A.R. TRANSPORT, INC., traveling in a westerly direction on Interstate 10 at that same location traveling directly behind the HUTCHERSON vehicle when suddenly and without warning the HUBBARD tractor trailer collided into the rear of the HUTCHERSON vehicle.

IV.

At all material times herein, defendant, PATRICK K. HUBBARD, was operating the vehicle owned by defendant, C.A.R. TRANSPORT, INC., with the full knowledge, permission and consent of defendant, C.A.R. TRANSPORT, INC.

V.

At all material times herein, defendant, PATRICK K. HUBBARD, was acting in the course and scope of his employment with defendant, C.A.R. TRANSPORT, INC.

VI.

Plaintiff shows that the accident was caused by the negligence of the defendant, PATRICK K. HUBBARD, which negligence consists of the following non-exclusive particulars:

a. In following too closely;

b. In failing to see what he should have seen;

c. In traveling at an excessive rate of speed given the prevailing traffic conditions;

d. In negligently colliding into the rear of the HUTCHERSON vehicle;

e. In driving inattentively;

f. All those other acts of negligence known only to the defendant, PATRICK K. HUBBARD.

VII.

On the date of the accident there was in full force and effect a policy of insurance issued by defendant, GREAT WEST CASUALTY COMPANY, to defendants, PATRICK K. HUBBARD and/or C.A.R. TRANSPORT, INC., which policy of insurance affords coverage for the type of accident sued upon.

VIII.

Plaintiff shows that venue is proper pursuant to Louisiana Revised Statute 13:3203; *et seq.*

IX.

As a result of the accident, plaintiff, JOAN J. HUTCHERSON, sustained injuries consisting of herniated discs at the C4-5 and C5-6 levels, a torn rotator cuff and injuries to her head, neck, shoulders, arms, back and spine, in addition to injuries to her entire body.

X.

Plaintiff, JOANN J. HUTCHERSON, has incurred and will continue to incur numerous medical bills for the treatment of her injuries, including expenses for physicians and other related expenses.

XI.

As a result of the accident, plaintiff, JOANN J. HUTCHERSON, sustained damages consisting of past, present and future pain and suffering; medical expenses to date and future medical expenses; mental anguish; loss of enjoyment of life; permanent disability; lost wages – past, present and future; loss of future earning capacity, and all other damages to be proven at trial in this matter.

WHEREFORE, plaintiff prays that after all legal delays and due proceedings had that there be judgment herein in favor of plaintiff, JOANN J. HUTCHERSON, and against the defendants, PATRICK K. HUBBARD, C.A.R. TRANSPORT, INC. and GREAT WEST CASUALTY COMPANY, jointly and in solido, in an amount to be set by this Honorable Court, together with legal interest thereon from date of judicial demand, until paid, and for all costs of these proceedings.

Respectfully submitted,

FAVRET, DEMAREST, RUSSO & LUTKEWITTE
A Professional Law Corporation

ANTHONY J. RUSSO, Bar #8806
DEAN J. FAVRET, Bar #20186
Attorneys for Plaintiffs
1515 Poydras Street - Suite 1400
New Orleans, LA 70112
Telephone: (504) 561-1006

PLEASE SERVE:

PATRICK K. HUBBARD
Through the Louisiana Long Arm Statute
2019 Derhurst Street
Houston, TX 77088

C.A.R. TRANSPORT, INC.
Through the Louisiana Arm Statute
1475 South Burleson Boulevard
Burleson, TX 76028

GREAT WEST CASUALTY COMPANY
Through the Secretary of State
State of Louisiana
8549 United Plaza Boulevard
Baton Rouge, LA 70809

A TRUE COPY

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. _____                    DIVISION: _____

JOANN J. HUTCHERSON

-versus-

PATRICK K. HUBBARD,
C.A.R. TRANSPORT, INC. and
GREAT WEST CASUALTY COMPANY

FILED: _____          _____
                                              DEPUTY CLERK

INTERROGATORIES AND REQUEST
FOR PRODUCTION OF DOCUMENTS

TO:  C.A.R. TRANSPORT, INC.
     Through the Louisiana Long Arm Statute
     1475 South Burleson Boulevard
     Burleson, TX 76028

Plaintiff, JOANN J. HUTCHERSON, directs the following Interrogatories and Request for Production of Documents to defendant, C.A.R. TRANSPORT, INC., to be answered under oath within the delay provided by the Louisiana Code of Civil Procedure:

INTERROGATORY NO. 1:

For each policy of insurance providing insurance coverage for the incident/accident involved in this suit state:

    a.    The name of the insurer;

    b.    The limits of coverage for liability, UM, med pay, property damage and property damage liability;

    c.    Whether you deny coverage or assert any exclusions; if your answer is yes, the factual basis for your denial of coverage or assertion of exclusions.

INTERROGATORY NO. 2:

State the version of the accident as related to C.A.R. TRANSPORT, INC. and GREAT WEST CASUALTY COMPANY.

INTERROGATORY NO. 3:

Do you allege that plaintiff was at fault in causing the accident. If your answer is yes, state the factual basis for any allegation that plaintiff was at fault or contributed to the accident.

INTERROGATORY NO. 4:

List each and every defense you allege to plaintiff's claims for bodily injury, medical expenses, property damage, loss of income, disability, scarring, mental anguish, loss of consortium or any other claim for damages made by plaintiff. For each defense you list, state the factual basis on which you assert this defense.

INTERROGATORY NO. 5:

State whether PATRICK K. HUBBARD was in the employ of C.A.R. TRANSPORT, INC. at the time of the subject accident and, if so, whether the accident occurred while the said PATRICK K. HUBBARD was on duty or performing a job related function.

INTERROGATORY NO. 6:

If the said PATRICK K. HUBBARD was not employed by C.A.R. TRANSPORT, INC. at the time of the accident, please state the name of the company or companies by whom he was employed and state whether or not he was in the course and scope of his employment with said company or companies at the time of the subject accident.

INTERROGATORY NO. 7:

Please describe each and every other vehicle accident reported to you by the said PATRICK K. HUBBARD where PATRICK K. HUBBARD was involved as a driver, providing the date, location and a description of how the accident occurred.

INTERROGATORY NO. 8:

State whether PATRICK K. HUBBARD received a citation for the accident at issue and, if so, whether said citation was paid and, if not, how same was resolved.

INTERROGATORY NO. 9:

List any and all restrictions that you are aware of that PATRICK K. HUBBARD has affecting his ability to drive or in connection with his license to drive, including any restrictions on his eyesight, movement, mental condition, medical condition, or any other conditions which would restrict or affect his driving.

INTERROGATORY NO. 10:

List each and every arrest, plea or conviction that you are aware of that PATRICK K. HUBBARD has been involved in or has incurred in the past.

INTERROGATORY NO. 11:

Please list the last known address and telephone number of PATRICK K. HUBBARD and the date of the last contact between you and PATRICK K. HUBBARD.

INTERROGATORY NO. 12:

Please state the name, address and telephone number of the registered owner of the vehicle involved in the subject accident.

INTERROGATORY NO. 13:

Please state whether PATRICK K. HUBBARD was driving the vehicle involved in the subject accident with the full knowledge, consent and permission of the owner of the vehicle owned by your company.

INTERROGATORY NO. 14:

State the name of every <u>person or entity</u> which you know has any information, or may testify, or has contacted you regarding this case in connection with the following issues:

For each **PERSON OR ENTITY** state (1) address, employment, phone number; (2) whether they will be called as a witness at trial; and (3) provide a detailed factual description of the information they possess or the testimony they will be providing.

a. Insurance coverage in effect providing coverage to you or your insured and any asserted exclusions or denial of coverage;

b. Any property damage involving any of the vehicles involved in this suit, the appraisal of property damage, estimates, photographs, repair and payment of property damage;

c. The adjuster assigned to handle this claim and any appraiser or independent adjustment company assigned to evaluate bodily injury, property damage, med pay or any other claim for payment;

d. Relating to the incident/accident and its occurrence, including eyewitnesses, its investigation, investigative officers, accident reconstruction, or other information concerning the accident and the cause of it;

e. Regarding plaintiff's bodily injury claim or any assertion by you that plaintiffs' injuries, in whole or in part, were not caused by the accident at issue;

f. Regarding plaintiff's claim for loss of income and any assertion by you that plaintiffs have not lost all or a part of his/her income or will not lose income in the future as a result of this incident;

g. Any information regarding any allegation by you that plaintiff's own negligence caused or contributed to the accident at issue.

INTERROGATORY NO. 15:

Describe every **DOCUMENT OR THING** which you know has any information in connection with the following issues:

For each **DOCUMENT OR THING** include: (1) each and every photograph, video, writing, notation, radiographic film, thing, exhibit or any other item of evidence; (2) describe it by its title or a description of it; and (3) state who has possession of it.

a. Insurance coverage in effect providing coverage to you or your insured and any asserted exclusions or denial of coverage;

b. Any property damage involving any of the vehicles involved in this suit, the appraisal of property damage, estimates, photographs, repair and payment of property damage;

    c. The adjuster assigned to handle this claim and any appraiser or independent adjustment company assigned to evaluate bodily injury, property damage, med pay, or any other claim for payment;

    d. Relating to the incident/accident and its occurrence, including eyewitnesses, its investigation, investigative officers, accident reconstruction, or other information concerning the accident and the cause of it;

    e. Regarding plaintiff's bodily injury claims or any assertion by you that plaintiff's injuries, in whole or in part, were not caused by the accident at issue;

    f. Regarding plaintiff's claim for loss of income and any assertion by you that plaintiff has not lost all or a part of his/her income or will not lose income in the future as a result of this incident;

    g. Any information regarding any allegation by you that plaintiff's own negligence caused or contributed to the accident at issue.

**INTERROGATORY NO. 16:**

State whether you or your attorney or any third party have in your possession any still photographs or video surveillance tapes of plaintiff, JOANN J. HUTCHERSON, and, if so, state:

    a. The date that all photographs and/or video surveillance were taken;

    b. The name, address and telephone number of any and all individuals who took the photographs and/or filmed the surveillance video;

    c. All locations in which any of the above listed plaintiff was photographed and/or under video surveillance.

**INTERROGATORY NO. 17:**

If the above referred to PATRICK K. HUBBARD was employed by your company at the time of the accident, please state whether or not he is still employed by C.A.R. TRANSPORT, INC. and, if not, please state the date of the termination and the reason or reasons for the termination.

**REQUEST FOR PRODUCTION NO. 1:**

Produce each and every:

    a. Document, photograph, video, writing, notation, radiographic film, thing, exhibit, or any other item of evidence referred in your answers to the preceding Interrogatories. For every photograph, slide or illustration, please attach a color copy. (Your reasonable reproduction cost for color copies will be immediately paid by counsel upon receipt of invoice.)

    b. Any document or evidence which you intend to produce as an exhibit at the trial of this case;

c.  A certified copy of all policies of insurance in existence at the time of the incident/accident providing applicable insurance coverage for the incident/accident involved in this suit;

d.  Any other document, photograph, video, writing, notation, radiographic film, thing, exhibit or any other item of evidence having any information pertaining to plaintiff's claims, defendants' defenses, any counter claim or any other claim in this suit in your possession.

REQUEST FOR PRODUCTION NO. 2:

Produce duplicate photographs and duplicate videos depicting any and all photographs and video surveillance of plaintiff, JOANN J. HUTCHERSON.

THESE INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS ARE DEEMED CONTINUING AND SHOULD BE SUPPLEMENTED REASONABLY IF AND WHEN YOU OR YOUR AGENT ARE IN POSSESSION OF PHOTOGRAPHIC SURVEILLANCE OR VIDEO SURVEILLANCE.

Respectfully submitted,

FAVRET, DEMAREST, RUSSO & LUTKEWITTE
A Professional Law Corporation

_____
ANTHONY J. RUSSO, Bar #8806
DEAN J. FAVRET / Bar #20186
Attorneys for Plaintiff
1515 Poydras Street – Suite 1400
New Orleans, LA 70112
Telephone: (504) 561-1006
Facsimile: (504) 523-0699

PLEASE SERVE:

C.A.R. TRANSPORT, INC.
Through the Louisiana Arm Statute
1475 South Burleson Boulevard
Burleson, TX 76028

A TRUE COPY
DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA.

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

**05-2215**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
JOANN J. HUTCHERSON

**DEFENDANTS**
PATRICK K. HUBBARD, C.A.R. TRANSPORT, INC. AND GREAT WEST CASUALTY COMPANY

**SECT. K MAG. 4**

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **ORLEANS**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT **Harris County,**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Anthony J. Russo, & Dean J. Favret
Favret, Demarest, Russo & Lutkewitte
1515 Poydras Street, Suite 1400
New Orleans, LA 70112
(504) 561-1006

ATTORNEYS (IF KNOWN)

Dean M. Arruebarrena & Stanton E. Shuler,
Leake & Andersson, L.L.P.
1100 Poydras Street, Suite 1700
New Orleans, LA 70163
(504) 585-7500

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government not a party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of this State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury-Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 630 Liquor laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employer's Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other fraud | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders Suits | ☒ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Jobs / **Habeas Corpus** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 791 Employee Ret. Inc. Security Act | ☐ 870 Taxes (U.S.Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | | ☐ 871 IRS -Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | / ☐ 550 Civil Rights / ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 U.S.C. 1332

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND** $

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 6/10/2005

SIGNATURE OF ATTORNEY OF RECORD
*/s/ Dean Arruebarrena/*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____